IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CURTIS BRANDON,<br>    Petitioner | : | CIVIL ACTION NO. 00-1656 |
| | : | |
| V. | : | Judge Gustave Diamond/ |
| | : | Magistrate Judge Sensenich |
| PHILIP JOHNSON, Superintendent,<br>S.C.I. Pittsburgh; and GERALD PAPPERT,<br>Attorney General of PA.;<br>    Respondents' | : | **SCANNED** |

### PETITIONER'S FED.R.CIV.P. RULE 60(b)(1)(2)(3)(4) AND (6) MOTION

AND NOW, comes, CURTIS BRANDON, Petitioner, <u>pro se</u>, who files this said Motion pursuant to Fed.R.Civ.P. Rule 60(b)(1)(2)(3)(4) and (6), relative to his Federal Habeas Corpus Petition proceedings pursuant to 28 U.S.C. § 2254, and presents the facts in support thereto as the following:

    A.    PROCEDURAL HISTORY/FACTS

1. This Court denied Petitioner's Federal Habeas Corpus Petition pursuant to 28 U.S.C. § 2254 dated <u>August 6, 2003</u>. ¶

2. The Third Circuit Court Of Appeals denied Rehearing En Banc for Petitioner's Certificate Of Appealibility (Hereinafter referred to as "COA") dated <u>April 9, 2004</u>. ¶

3. The United States Supreme Court denied Petitioner's Petition For A Writ Of Certiorari dated <u>November 1, 2004</u>. <u>See</u> hereto attached Petitioner's APPENDIX "<u>A</u>." ¶

4. Petitioner timely files his Fed.R.Civ.P. Rule 60(b)(1)(2)(3)(4) and (6) Motion today dated <u>October 30, 2005</u>. These facts, discussed in more detail in the <u>REASONS FOR GRANTING PETITIONER'S FED.R.CIV.P. RULE 60(b) MOTION</u> in ¶¶ ## <u>1-2</u> at "p. <u>4</u>" (<u>infra</u>.). ¶

    QUESTIONS PRESENTED

I.    SHOULD THIS COURT GRANT PETITIONER'S FED.R.CIV.P. RULE 60(b) MOTION
       FOR THE JUDGEMENT BEING VOID, AND FRAUD UPON THE COURT?

Suggested answer: "Yes"

F I L E D

NOV 0 2 2005

CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSY...

## STATEMENT OF THE CASE

1. Petitioner filed <u>pro</u> <u>se</u> a petition for Federal Habeas Corpus relief under 28 U.S.C. § 2254 on <u>July 21, 2000</u>. Petitioner's <u>pro</u> <u>se</u> Petition for Federal Habeas Corpus was denied by U.S. District Court Judge Gustave Diamond following the Report and Recommendation of Magistrate Judge Sensenich (Hereinafter referred to as "Mag. Report") on <u>August 6, 2003</u>. The U.S. District Court explained the denial was based on the Mag. Report that an COA should not issue because Petitioner did not make a substantial showing of a denial of a constitutional right (where the Magistrate Judge stated Petitioner can not prove by clear and convincing evidence that the jury still would not have convicted under accomplice liability theory) pursuant to 28 U.S.C. § 2253(c). See Mag. Report at "p. <u>14</u>," and "p. <u>55</u>," (4/15/2003). Petitioner then filed a timely <u>pro</u> <u>se</u> application for an COA with the Third Circuit Court Of Appeals dated <u>September 25, 2003</u>. ¶

2. The Third Circuit Panel concluded Petitioner did not make a substantial showing of a denial of a constitutional right for substantially the same reasons the Magistrate Judge stated, and denied the application for an COA on <u>March 3, 2004</u>. Petitioner filed a timely <u>pro</u> <u>se</u> Petition For Rehearing EN Banc with the Third Circuit Panel on <u>March 12, 2004</u>, and the Third Circuit Panel declined to consider it and denied rehearing en banc on <u>April 9, 2004</u>. ¶

3. Petitioner filed a <u>pro</u> <u>se</u> Motion For An Extension Of Time to file his Petition For Writ Of Certiorari to the United States Court Of Appeals For The Third Circuit on <u>June 10, 2004</u>, and the United States Supreme Court granted Petitioner the extension to file a Petition For Writ Of Certiorari to the United States Court Of Appeals For The Third Circuit through <u>September 6, 2004</u> via Application <u>No. 03A1030</u>, and denied Petitioner's Petition For A Writ Of Certiorari dated November 1, 2004.[1] See APPENDIX "A." ¶

---

1. Petitioner could <u>not</u> file his Fed.R.Civ.P. Rule 60(b) Motion during <u>August</u> 2003 to August 2004 because, trial counsel did <u>not</u> have Petitioner's records. These facts, discussed in more detail in the <u>REASONS FOR GRANTING PETITIONER'S FED.R.CIV.P. RULE 60(b) MOTION</u> in ¶¶# <u>1-2</u> at "p. <u>4</u>" (<u>infra</u>.).

2

B.  PRINCIPLES OF HABEAS CORPUS REVIEW

1.  Exhaustion Requirement

1. Newly after-discovered evidence must be presented to the court within Sixty (60) days upon receipt of such newly after-discovered evidence. Exhaustion is not a jurisdictional limitation, however, and federal courts may review the merits of a State petitioner's claims prior to exhaustion when no appropriate State remedy exists. See DOCTOR V. WALTERS, 96 F.3d 675, 681 (3rd Cir. 1996). ¶

2.  Procedural Default Doctrine

1. A petitioner whose constitutional claims have not been addressed on the merits due to procedural default can overcome the default, thereby allowing federal court review, if he can demonstrate either: 1) "cause" for the default and "actual prejudice" as a result of the alleged violation of federal law; or 2) failure to consider the claims will result in a "fundamental miscarriage of justice." See CARTER V. VAUGHN, 62 F.3d 591, 595 (3rd Cir. 1995). ¶

3.  Standard Of Review

1. Pursuant to Fed.R.Civ.P. 60(b)(6) and the All Writs Act, 28 U.S.C. § 1651, federal courts can reopen an habeas corpus case in which the federal court denied relief, to determine whether there has been a lack of State jurisdiction to hear a case and tainted by fraud on the court or prosecutorial misconduct that requires federal intervention. See HARRIS V. NELSON, 394 U.S. 286, 299-300 (1969). Including that a judgment is void pursuant to Fed.R.Civ.P. Rule 60(b)(4) and, for "after-discovered fraud," from an earlier judgment regardless of the term of [its] entry. See HAZEL-ATLAS GLASS CO. V. HARTFORD EMPIRE CO., 322 U.S. 238, 244 (1944); CHAMBERS V. NASCO, INC., 111 S.Ct. 2123, 2132 (1991). 28 U.S.C. § 2254(d) does not apply to all cases that otherwise fall within the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) reach, Pub. L. No. 104-132 § 104, 110 Stat. 1214. Where a State court has not reached the merits of a claim thereafter presented to a federal habeas court, the deferential standards provided by AEDPA and explained in WILLIAMS V. TAYLOR, 529 U.S. 362 (2000) do not apply, id., at 400-402. The court exercises "pre-AEDPA independent judgment" de novo review. Appel, F.3d at 210 (3d Cir. 2001). ¶

C. REASONS FOR GRANTING PETITIONER'S FED.R.CIV.P. RULE 60(b) MOTION

1. The judgment from the State criminal court proceedings is void by newly after-discovered evidence that there is not a valid Criminal Complaint against Petitioner since it does not state the docket number of the Criminal Complaint issued for the other alleged participants (alleged codefendants'), does not state Petitioner's address, date when the offense is alleged to have been committed, place where committed, what time and date committed, nor the victim's name; that the trial court lacked jurisdiction because, where there is not a valid Criminal Conspiracy Complaint as in Petitioner's case, there was not a criminal case; therefore, the State's criminal conviction judgment is void. See 42 Pa.R.Crim.P. Rule 132(2)(3)(4)(5) (Renumbered 42 Pa.Crim.P. Rule 504(2)(3)(4)(5)). This newly after-discovered evidence could not have been discovered prior to nor during Petitioner's Federal Habeas Corpus proceedings because, Petitioner's defense trial counsel had destroyed Petitioner's records, trial counsel subsequently petitioned the Clerk of Courts to provide trial counsel with a copy of Petitioner's Criminal Complaint, that became available to trial counsel on October 19, 2005 and, became available to Petitioner via Petitioner's trial counsel's letter of October 19, 2005 dated October 21, 2005. See hereto attached a copy of Attorney John Elash's letter dated October 19, 2005 with Petitioner's Criminal Complaint as Petitioner's (Exhibit "A"). Numerous citizens in the same county have identical names as this Court is aware. ¶

2. Fraud upon the State court was committed by the prosecutor. There was a mistake in Petitioner's original Federal Habeas Corpus proceedings, by this Court's conclusion that Petitioner can not prove by clear and convincing evidence that the jury still would not have convicted under accomplice liability theory, when Petitioner was never charged as an accomplice in the Criminal Complaint nor Information (Ex. "A") and, Respondents' intentionally withheld Petitioner's court transcripts from this Habeas Court after ordered to produce them by this Court in violation of Habeas Corpus Rule 5 (see Mag. Report at "p. 13, n. 5," (4/15/2003)). Intentional misrepresentations by prosecutorial misconduct, prosecutor had evidence proving Petitioner never assaulted the victim, recklessness for the truth for wrongful conviction. ¶

4