IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRANDON CURTIS,<br>　　　　Petitioner, | |
| V. | CIVIL ACTION NO. 00-01656 |
| SUPT. JOHNSON, Respondent,<br>and the ATTORNEY GENERAL OF THE COMMONWEALTH OF PENNSYLVANIA, and the DISTRICT ATTORNEY OF ALLEGHENY COUNTY, Additional Respondents. | ELECTRONICALLY FILED |

## COMMONWEALTH'S RESPONSE TO
## PETITIONER'S FED.R.CIV.P. RULE 60(b)(1)(2)(3)(4) AND (6) MOTION

AND NOW, to-wit this 2nd day of December, 2005, comes the Commonwealth of Pennsylvania by its attorneys STEPHEN A. ZAPPALA, JR., District Attorney of Allegheny County, Pennsylvania, and PAUL R. SCHOLLE, Assistant District Attorney, and in answer to the above-captioned petition, respectfully shows:

　　1.　　This case is before this Honorable Court on petitioner's Motion pursuant to Rule 60(b) of the Federal Rules of Civil Procedure at the above-captioned docket number.

　　2.　　The motion challenges his judgment of sentence for murder in the third degree entered in the Court of Common Pleas of Allegheny County.

　　3.　　This action was commenced on August 21, 2000, when petitioner filed with this Court his petition for writ of *habeas corpus*.

　　4.　　The case was referred to Magistrate Judge Sensenich, who filed a report and recommendation on April 15, 2003.

5. On August 6, 2003, this Honorable Court denied the petition, denied a certificate of appealability, and adopted the report and recommendation of Judge Sensenich as its opinion.

6. Thereafter, petitioner appealed to the United States Court of Appeals for the Third Circuit. On March 3, 2004, that Court denied a certificate of appealability for reasons given by the Magistrate Judge.

7. The United States Supreme Court thereafter denied petitioner's petition for a writ of *certiorari*.

8. On November 2, 2005, petitioner filed with this Honorable Court his Motion pursuant to Rule 60(b) of the Federal Rules of Civil Procedure at the above-captioned docket number.

9. The Commonwealth submits that this Honorable Court lacks jurisdiction to consider this matter because it is the functional equivalent of a second or successive *habeas corpus* petition and thus, is not cognizable unless and until petitioner obtains a certificate of appealability from the Court of Appeals.

10. In *Pridgen v. Shannon*, 380 F.3d 721, 725 (3d Cir.2004), the Third Circuit explained that "a determination that a Rule 60(b) motion was in essence a successive *habeas* petition means that under AEDPA the District Court did not have jurisdiction to entertain the motion because this Court had not authorized [petitioner] to file a successive habeas petition. 28 U.S.C. § 2244(b)." The determination of whether a Rule 60(b) motion is in substance a second or successive *habeas* petition, depends on whether it addresses alleged errors by the federal District Court or whether it attacks the underlying state court conviction. In *Pridgen*, the Third Circuit held that

> in those instances in which the factual predicate of a petitioner's Rule 60(b) motion attacks the manner in which the earlier habeas judgment was procured and not the underlying conviction, the Rule 60(b) motion may be adjudicated on the merits. However, when the Rule 60(b) motion seeks to collaterally attack the petitioner's underlying conviction, the motion should be treated as a successive habeas petition. We believe that this rule is consonant with Congress's goal of restricting the availability of relief to habeas petitioners.

*Id.* at 727.

11. The Commonwealth submits that petitioner's two Rule 60(b) claims, namely (1) lack of jurisdiction by the state trial court and (2) alleged fraud committed by the prosecutor in the state court case, fall in to the category of collateral attacks on petitioner's underlying conviction. Therefore, this Court lacks jurisdiction to consider the instant petition unless the Court of Appeals has first granted a certificate of appealability.

## CONCLUSION

WHEREFORE, on the basis of the foregoing, the Commonwealth respectfully requests that the instant petition be dismissed.

                    Respectfully submitted,

                    STEPHEN A. ZAPPALA, JR.
                    DISTRICT ATTORNEY

By:    s/ Paul R. Scholle
        PAUL R. SCHOLLE
        ASSISTANT DISTRICT ATTORNEY
        PA I.D. 60341

PROOF OF SERVICE

I, the undersigned authority, hereby certify that a true and correct copy of the within COMMONWEALTH'S RESPONSE TO PETITIONER'S FED.R.CIV.P. RULE 60(b)(1)(2)(3)(4) AND (6) MOTION was served upon the persons named below, directed to the addresses indicated. Service was made this 2nd day of December, 2005, by First Class Mail.

                By:
                s/ Paul R. Scholle
                PAUL R. SCHOLLE
                ASSISTANT DISTRICT ATTORNEY
                PA I.D. 60341

Office of the District Attorney
401 Allegheny County Courthouse
Pittsburgh, PA 15219
(412) 350-4377
e-mail: paul.scholle@da.allegheny.pa.us

cc:    Francis R. Filipi, Esquire
       Senior Deputy Attorney
       Office of the Attorney General
       Litigation Section
       15th Floor, Strawberry Square
       Harrisburg, PA 17120

cc:    Curtis Brandon
       DV-2954
       SCI Graterford
       P.O. Box 244
       Graterford, PA 19426-0244