IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CURTIS BRANDON, | : | CIVIL ACTION NO. 00-1656 |
| Petitioner | : | |
| | : | |
| V. | : | Judge Gustave Diamond/ |
| | : | Magistrate Judge Sensenich |
| PHILIP JOHNSON, Superintendent, | : | |
| S.C.I. Pittsburgh; and GERALD PAPPERT, | : | |
| Attorney General of PA.; | : | |
| Respondents' | : | |

PETITIONER'S DEFAULT JUDGMENT MOTION PURSUANT TO FED.R.CIV.P. RULE 55
AGAINST THE RESPONDENTS' FOR THEIR FAILURE TO RESPOND TO THIS COURT
ON PETITIONER'S FED.R.CIV.P. RULE 60(b) MOTION RELIEF FROM JUDGMENT

AND NOW, comes, CURTIS BRANDON, Petitioner, pro se, who files this said Default Judgment Motion pursuant to Fed.R.Civ.P. Rule 55(b)(2), relative to his Fed.R.Civ.P. Rule 60(b) Motion Relief From Judgment to his Federal Habeas Corpus Petition proceedings pursuant to 28 U.S.C. § 2254 and, presents the facts in support thereto as the following:

A.  PROCEDURAL HISTORY/FACTS

1.  Petitioner filed his Fed.R.Civ.P. Rule 60(b) Motion Relief From Judgment with this Court dated October 30, 2005. ¶

2.  This Court ORDERED Respondents' to file a response on or before December 2, 2005 by this Court's ORDER dated November 8, 2005. See hereto attached a copy of this Court's ORDER as Petitioner's APPENDIX "A." ¶

3.  Respondents' failed to file their response by December 2, 2005 and have not filed any response to this present date. ¶

4.  Petitioner filed "PETITIONER'S MOTION TO GRANT FED.R.CIV.P. RULE 60(b) AND TO STRIKE ANY NEGATIVE RESPONDENTS' LATE RESPONSE" dated December 7, 2005 since Respondents' were in default and, to this date Petitioner has not heard from the Clerk (if the Clerk entered default) nor this Court. ¶

5.  Petitioner files this present Default Judgment Motion Against The Respondents' pursuant to Fed.R.Civ.P. Rule 55(b)(2) dated January 7, 2006 since Respondents' have not filed any response to this Court to date. ¶

QUESTION PRESENTED

I.  SHOULD THIS COURT GRANT PETITIONER'S DEFAULT JUDGMENT AGAINST RESPONDENTS?

Suggested answer: "Yes"

## STATEMENT OF THE CASE

1. This Court issued an ORDER directing Respondents' to file a response to Petitioner's Fed.R.Civ.P. Rule 60(b) Motion Relief From Judgment (from the State trial court's lack of personam jurisdiction/subject matter jurisdiction and fraud upon the court in a criminal prosecution) on or before <u>December 2, 2005</u>, by this Court's ORDER dated <u>November 8, 2005</u>, (APPENDIX "<u>A</u>"), relative to Petitioner's initial Federal Habeas Corpus Petition proceedings pursuant to 28 U.S.C. § 2254. ¶

2. Respondents' have <u>not</u> filed any response to this Court to this date exceeding one (1) month, nor has Respondents' filed any letter to this Court or Petitioner explaining if they have any intentions to respond and, Respondents' <u>never</u> filed any extension of time motion to respond to Petitioner's Fed.R.Civ.P. Rule 60(b) Motion Relief From Judgment (currently in this Court's file dated by Petitioner as <u>October 30, 2005</u>). ¶

3. Petitioner put Respondents' <u>on notice</u> that they were in default by "PETITIONER'S MOTION TO GRANT FED.R.CIV.P. RULE 60(b) AND TO STRIKE ANY NEGATIVE RESPONDENTS' LATE RESPONSE" dated by Petitioner as <u>December 7, 2005</u> (currently in this Court's file) and, to this date Petitioner has not receive any response from the Clerk that default was entered nor from this Court. ¶

4. It is clear that there is <u>no opposition</u> from Respondents' relative to Petitioner's Fed.R.Civ.P. Rule 60(b) Motion Relief From Judgment. This fact duly warrants this Court to grant Petitioner's Fed.R.Civ.P. Rule 60(b) Motion Relief From Judgment (as set forth in Petitioner's motions respectively dated by Petitioner as <u>October 30, 2005</u> and <u>December 7, 2005</u> currently in this Court's file) by rule of absolute in Federal Habeas Corpus proceedings, by granting Petitioner's here instant Default Judgment Motion against Respondents. ¶

5. By operation of law in civil proceedings applicable in Federal Habeas Corpus Petition proceedings, Petitioner is entitled to Default Judgment Against Respondents' for failure to respond pursuant to Fed.R.Civ.P. Rule 55(b)(2), that warrants this Court to enter an ORDER for Default Judgment Against Respondents' and grant Petitioner's release from State custody from the State's criminal conviction judgment being void and fraud upon the court; or in the alternative grant Petitioner's attached Motion for evidentiary hearing. ¶

B.  <u>STANDARD OF REVIEW FOR DEFAULT JUDGMENT AGAINST RESPONDENTS'</u>

1. Federal courts' recognize the notice pleading standards set forth in Fed.R.Civ.P. Rule 8(a)(1)(e)(1)(2) and (f), does not mandate that Petitioner's allegations be drafted with more detail relative to PETITIONER'S FED.R.CIV.P. RULE 60(b) MOTION RELIEF FROM JUDGMENT dated by Petitioner as <u>October 30, 2005</u>. <u>See</u> <u>McCACHREN V. BLACKLICK VALLEY SCHOOL DIST.</u>, 217 F.Supp.2d 594, 599 (W.D.Pa. 2002). ¶

2. Pursuant to Fed.R.Civ.P. Rule 60(b)(2)(3)(4) and (6) and the All Writs Act, 28 U.S.C. § 1651, federal courts can reopen a habeas corpus case where a federal court initially denied relief, to determine whether there has been a lack of State personam jurisdiction/subject matter jurisdiction to hear a case and tainted by fraud on the court or prosecutorial misconduct that requires federal intervention. <u>See</u> <u>HARRIS V. NELSON</u>, 394 U.S. 286, 299-300 (1969). Including that a judgment is void pursuant to Fed.R.Civ.P. Rule 60(b)(4) and, for "after-discovered fraud," from an earlier judgment regardless of the term of [its] entry. <u>See</u> <u>HAZEL-ATLAS GLASS CO. V. HARTFORD EMPIRE CO.</u>, 322 U.S. 238, 244 (1944); <u>CHAMBERS V. NASCO, INC.</u>, 111 S.Ct. 2123, 2132 (1991). ¶

3. When this Court reviews Petitioner's initial Fed.R.Civ.P. Rule 60(b) Motion Relief From Judgment in conjunction with Petitioner's here instant Fed.R.Civ.P. Rule 55(b)(2) Default Judgment Motion, the Federal Rules Of Civil Procedure required Respondents' to serve an answer within twenty (20) days, (APPENDIX "<u>A</u>"). <u>Id</u>. Fed.R.Civ.P. Rule 8(c); Fed.R.Civ.P. Rule 12(a)(1)(A); and Fed.R.Civ.P. Rule 12(b)(c)(e) and (f). Rule 55 permits the Clerk to enter a default since Respondents' failed to defend this action as required, (APPENDIX "<u>A</u>"). This Court may then enter a default judgment. <u>Id</u>. Fed.R.Civ.P. Rule 55(b)(1)(2). When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, the defaulting party is deemed to admit every well-pleaded allegation in Petitioner's Fed.R.Civ.P. Rule 60(b) Motion Relief From Judgment dated by Petitioner as <u>October 30, 2005</u> in this Court's file; since Respondents' declines to participate in the judicial process by <u>not</u> responding. <u>Id</u>. Fed.R.Civ.P. Rule 55(b)(2). <u>See</u> <u>ORTIZ-GONZALEZ V. FONOVISA</u>, 277 F.3d 59 (1st Cir. 2002); <u>MALLETIER V. VEIT</u>, 211 F.Supp.2d 567 (E.D.Pa. 2002); <u>OLCOTT V. DELAWARE FLOOD CO.</u>, 327 F.3d 1115 (10th Cir. 2003). ¶

3

C.  REASONS FOR GRANTING DEFAULT JUDGMENT AGAINST RESPONDENTS'

1. Respondents' have decline to participate in the judicial process by not providing this Court with responsive pleading nor defend from PETITIONER'S FED.R.CIV.P. RULE 60(b)(1)(2)(3)(4) and (6) MOTION RELIEF FROM JUDGMENT relative to Petitioner's initial Federal Habeas Corpus Petition proceedings 28 U.S.C. § 2254, by not providing their response by December 2, 2005, by this Court's ORDER dated November 8, 2005, (APPENDIX "A"). Default and default judgment are two (2) different things. See Rule 55. By Respondents' failing to file a response to PETITIONER'S FED.R.CIV.P. RULE 60(b) MOTION RELIEF FROM JUDGMENT, when Petitioner notified this Court that Respondents' were in default by PETITIONER'S MOTION TO GRANT FED.R.CIV.P. RULE 60(b) AND TO STRIKE ANY NEGATIVE RESPONDENTS' LATE RESPONSE dated by Petitioner as December 7, 2005 (currently in this Court's file), the Clerk was required to enter default against Respondents. See Rule 55(a). Then it is incumbent upon this Court to enter default judgment against the dilatory Respondents' because, Respondents' have conceded to the truth of the factual allegations in Petitioner's Fed.R.Civ.P. Rule 60(b) Motion Relief From Judgment. See Rule 55(b)(1)(2). ¶

MEMORANDUM OF LAW OF PETITIONER
CURTIS BRANDON, IN SUPPORT OF
DEFAULT JUDGMENT AGAINST RESPONDENTS' PURSUANT TO FED.R.CIV.P. RULE 55(b)(2)

D.  ARGUMENT

I.  DEFAULT JUDGMENT IS PROPER WHERE RESPONDENTS' FAIL TO PLEAD/DEFEND

FACTS

1. Petitioner filed his Fed.R.Civ.P. Rule 60(b) Motion with this Court dated October 30, 2005. This Court issued an ORDER for Respondents' to file a response on or before December 2, 2005 by this Court's ORDER dated November 8, 2005, (APPENDIX "A"). To this present date Respondents' have not filed any response to this Court exceeding one (1) month to date. In this instant case at bar Respondents' have not alleged Petitioner has inartfully plead his Fed. R.Civ.P. Rule 60(b) Motion and, our Supreme Court of the United States has consistently held that allegations by pro se litigants' (such as Petitioner) are held to less stringent standards than formal pleadings drafted by lawyers; therefore, this Court should view PETITIONER'S FED.R.CIV.P. RULE 60(b) MOTION with this instant Fed.R.Civ.P. Rule 55(b)(2) Motion with a more lenient eye.

4

See <u>HAINES V. KERNER</u>, 404 U.S. 519, 520-521 (1972); <u>HUGHES V. ROWE</u>, 449 U.S. 5 (1980). ¶

2. Respondents' have waived their rights to file a Fed.R.Civ.P. Rule 12 Motion because, they did <u>not</u> provide this Court with their response as an affirmative defense nor plead nor defend as required by Fed.R.Civ.P. Rule 8(a)(2) and (c); Fed.R.Civ.P. Rule 13, where this Court issued an ORDER directing Respondents' to file their response dated <u>November 8, 2005</u>, (APPENDIX "<u>A</u>"), pursuant to Fed.R.Civ.P. Rule 8(c) and Fed.R.Civ.P. Rule 12(b)(c)(e) and (f). In Federal Habeas Corpus jurisdiction where the duty to exercise it being present, this Court can fashion appropriate modes of civil procedure by the All Writs Act, 28 U.S.C. § 1651, to achieve the rational ends of law in granting Petitioner's relief, <u>id.</u>, <u>Harris</u>, 394 U.S. at 299-300. ¶

## I.   BACKGROUND

3. Due to Respondents' failure to plead or otherwise defend, by <u>not</u> providing this Court with their response to PETITIONER'S FED.R.CIV.P. RULE 60(b) MOTION RELIEF FROM JUDGMENT, resulted in Petitioner filing a subsequent PETITIONER'S MOTION TO GRANT FED.R.CIV.P. RULE 60(b) AND TO STRIKE ANY NEGATIVE RESPONDENTS' LATE RESPONSE dated by Petitioner as <u>December 7, 2005</u> (currently in this Court's file), putting the Clerk, this Court, and Respondents' on <u>notice</u> that Respondents' are in default relative to this Court's ORDER dated <u>November 8, 2005</u>, (APPENDIX "<u>A</u>"). To which the Clerk was required to enter default against Respondents. ¶

## I.   DISCUSSION

4. Even in light of this fact, Respondents' declines to participate in the judicial process, by conceding to the truth of the factual allegations in PETITIONER'S FED.R.CIV.P. RULE 60(b) MOTION RELIEF FROM JUDGMENT as establishing the grounds for relief from the State court criminal conviction judgment being <u>void</u> to release Petitioner from prison. See PETITIONER'S FED.R.CIV.P. RULE 60(b)(1)(2)(3)(4) AND (6) MOTION RELIEF FROM JUDGMENT dated by Petitioner as <u>October 30, 2005</u> (currently in this Court's file). This default by Respondents' constitutes that each of Petitioner's allegations of fact must be taken as true and each of its claims listed in PETITIONER'S FED.R.CIV.P.

RULE 60(b) MOTION RELIEF FROM JUDGMENT must be considered established as a matter of law. ¶

5. The provision of Rule 60(b) commonly known as the "saving clause" states: "This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding, or to grant relief to a defendant not actually personally notified as provided in Title 28, U.S.C., § 1655, or to set aside a judgment for fraud upon the court." See Fed.R.Civ.P. Rule 60(b). ¶

I. ENTRY FOR DEFAULT JUDGMENT AGAINST RESPONDENTS'

6. In relevant part Fed.R.Civ.P. Rule 55 states the following: "(2) By The Court. In all other cases the party entitled to a judgment by default shall apply to the court therefor." See Fed.R.Civ.P. Rule 55(b)(2). Here instantly Respondents' were provided with prior notice by Petitioner that they were in default, by not providing this Court with their response by December 2, 2005 via this Court's ORDER dated November 8, 2005, (APPENDIX "A"), by Petitioner's motion dated by Petitioner as December 7, 2005 (currently in this Court's file) and, Respondents' continued not to plead nor defend in this civil action matter to date. Respondents' initial appearance in Petitioner's Federal Habeas Corpus Petition proceedings, does not satisfy the pleading requirements of the Federal Rules Of Civil Procedure for PETITIONER'S FED.R.CIV.P. RULE 60(b) MOTION RELIEF FROM JUDGMENT. In VICTORIA'S SECRET STORES V. ARTCO EQUIPMENT CO., 194 F.Supp.2d 704 (S.D.Ohio 2002), where the women's lingerie retailer brought action against a competitor alleging trademark infringement, unfair competition, false designation of origin, trademark dilution, and website text claims, moved for default judgment from defendants' failure to respond; the Victoria Court held merely appearing in a case did not satisfy the pleading requirements where the Victoria Court stated:

> "Instead, the parties litigate whether defendants have "failed to plead or otherwise defend as provided by these rules" under Rule 55(a). Fed.R.Civ.P. 55(a). Merely appearing in a case does not satisfy the pleading requirements of the Federal Rules of Civil Procedure."

Id., 194 F.Supp.2d at 735. ¶

6

7. It is evident Respondents' have conceded to the truth of Petitioner's factual allegations in his Fed.R.Civ.P. Rule 60(b) Motion as establishing the grounds for relief from State court judgment via Petitioner's Federal Habeas Corpus Petition proceedings. This Court has jurisdiction over the subject matter and parties, as the allegations in Fed.R.Civ.P. Rule 60(b) Motion state a specific, cognizable claim for relief, and defaulting Respondents' had fair notice of its opportunity to object and chose not to do so, this Court has the discretion to order a default judgment "without a hearing of any kind," id., Ortiz-Gonzalez, supra. With the facts and exhibits clearly presented in PETITIONER'S FED.R.CIV.P. RULE 60(b) MOTION RELIEF FROM JUDGMENT, it will best serve judicial economy and comity for this Court to enter default judgment against Respondents' absent a Court hearing. Id. Although Ortiz-Gonzalez was a copyright holder who brought action against infringers, our sister circuit the First Circuit Court of Appeals provides vigorous judicial guidance in this matter, where Kravitch, Circuit Judge, provided an elegant opinion for the court where he stated:

> "Federal Rule of Civil Procedure 55(b)(2) states that notice is required before application to the court for entry of a judgment by default when a party has appeared in an action. It follows that if judgment can be entered against a defendant without notice where the party has failed to appear, then due process cannot require a higher standard for notice of the trial date in the same situation.
> Here, Distribuidora did not make an appearance until the motion for post-trial judgment; therefore, it was not entitled to the benefits granted in Rule 55. This does not violate Distribuidora's due process rights; in fact, the purpose of Rule 55 is to protect the rights of parties like Ortiz-Gonzalez. See H.F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe, 432 F.2d 689, 691 (D.C.Cir. 1970)("[T]he diligent party must be protected lest he be faced with interminable delay and continued uncertainty as to his rights. The default judgment remedy serves as such a protection."). We conclude that by failing to respond or appear, Distribuidora lost its right to notice of the trial date."

Id., 277 F.3d at 63. Accord, OLCOTT V. DELAWARE FLOOD CO., 327 F.3d 1115 (10th Cir. 2003); ADKINS V. TESEO, 180 F.Supp.2d 15 (D.D.C. 2001).   ¶

7

## CONCLUSION

WHEREFORE, for the above-stated facts and reasons, Petitioner prays this Court will enter a ORDER of default judgment against Respondents' and, also enter a ORDER that Petitioner's State criminal conviction judgment is <u>void</u> by PETITIONER'S FED.R.CIV.P. RULE 60(b) MOTION RELIEF FROM JUDGMENT relative to Petitioner's Federal Habeas Corpus Petition proceedings 28 U.S.C. § 2254 by the All Writs Act, 28 U.S.C. § 1651. Or in the alternative grant Petitioner an evidentiary hearing on his Fed.R.Civ.P. Rule 60(b) Motion in conjunction with this instant Fed.R.Civ.P. Rule 55(b) Default Judgment Motion.

Respectfully submitted,

By: *[signature]*
CURTIS BRANDON   DV-2954
Box 244
Graterford, PA. 19426-0244
Petitioner, <u>pro se</u>

Date: <u>January 7, 2006</u>

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CURTIS BRANDON,<br>    Petitioner | CIVIL ACTION NO. 00-1656 |
| V. | Judge Gustave Diamond/<br>Magistrate Judge Sensenich |
| PHILIP JOHNSON, Superintendent,<br>S.C.I. Pittsburgh; and GERALD PAPPERT,<br>Attorney General of PA.;<br>    Respondents' | |

<u>PETITIONER'S MOTION FOR EVIDENTIARY HEARING PURSUANT FED.R.CIV.P. 78, 81(a)(2)</u>

AND NOW, comes, CURTIS BRANDON, Petitioner, <u>pro se</u>, who files this said **Evidentiary Hearing Motion** pursuant to Fed.R.Civ.P. Rules 78, 81(a)(2), relative to his Fed.R.Civ.P. Rule 60(b) Motion Relief From Judgment in conjunction with his hereto attached Fed.R.Civ.P. Rule 55(b) Default Judgment Motion and, presents the facts in support thereto as the following:

A.   PROCEDURAL HISTORY/FACTS

1.   Petitioner filed his instant Fed.R.Civ.P. Rule 55(b) Default Judgment Motion due to Respondents' failure to respond dated <u>January 7, 2006</u>. ¶

QUESTION PRESENTED

I.   <u>SHOULD THIS COURT GRANT PETITIONER AN EVIDENTIARY HEARING?</u>

Suggested answer: "Yes"

B.   ARGUMENT

1.   In <u>MALLETIER V. VEIT</u>, 211 F.Supp.2d 567 (E.D.Pa. 2002), where a trademark hoder moved for default judgment, the District Court scheduled an evidentiary hearing to permit the plaintiffs to present factual proof relative to their claims when the defendants failed to respond pursuant to Fed.R.Civ.P. Rule 8(d) and, entered default judgment against the defendants, <u>id.</u>, at 571-572, 586. ¶

Respectfully submitted,

By: _____
CURTIS BRANDON    DV-2954
Box 244
Graterford, PA. 19426-0244
Petitioner, <u>pro se</u>

Date: <u>January 7, 2006</u>

9

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CURTIS BRANDON, | : | CIVIL ACTION NO. 00-1656 |
| Petitioner | : | |
| | : | |
| V. | : | Judge Gustave Diamond/ |
| | : | Magistrate Judge Sensenich |
| PHILIP JOHNSON, Superintendent, | : | |
| S.C.I. Pittsburgh; and GERALD PAPPERT, | : | |
| Attorney General of PA.; | : | |
| Respondents' | : | |

### AFFIDAVIT

COMMONWEALTH OF PENNSYLVANIA : SS
COUNTY OF MONTGOMERY :

I verify that the statements made in this Fed.R.Civ.P. Rule 55(b) Motion Default Judgment Against Respondents' are true and correct. I understand that any false statements herein are made subject to the penalties of perjury. I declare under penalty of perjury that the foregoing is true and correct.

Executed on: January 7, 2006

_____
CURTIS BRANDON
Petitioner, pro se

Dated: January 7, 2006

10

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

```
CURTIS BRANDON,                      )
                                     )
              Petitioner,            )
                                     )
      v.                             )   Civil Action No. 00-1656
                                     )
PHILIP JOHNSON, Superintendent,      )
SCI-Pittsburgh; MICHAEL FISHER,      )
Attorney General of PA, and          )
STEPHEN A. ZAPPALA, JR.,             )
                                     )
              Respondents.           )
```

ORDER OF COURT

AND NOW, this ___8th___ day of November, 2005, plaintiff having filed a Motion pursuant to Federal Rule Civil Procedure 60(b)(Document No. 59, IT IS ORDERED that respondents shall file a response to said motion on or before December 2, 2005.

                                                                                       /s/ Gustave Diamond
                                                                                       Gustave Diamond
                                                                                       United States District Judge

cc:   Curtis Brandon

      Stephen A. Zappala, Jr.
      W. Richard Booth
      Office of the District Attorney
      401 Allegheny County Courthouse
      Pittsburgh, PA 15219

AO 72A
(Rev.8/82)

```
                IN THE UNITED STATES DISTRICT COURT
                FOR THE WESTERN DISTRICT OF PENNSYLVANIA
```

| | | |
|---|---|---|
| CURTIS BRANDON, | : | CIVIL ACTION NO. 00-1656 |
|     Petitioner | : | |
| | : | |
| V. | : | Judge Gustave Diamond/ |
| | : | Magistrate Judge Sensenich |
| PHILIP JOHNSON, Superintendent, | : | |
| S.C.I. Pittsburgh; and GERALD PAPPERT, | : | |
| Attorney General of PA.; | : | |
|     Respondents' | : | |

## CERTIFICATION OF SERVICE

I, CURTIS BRANDON, Petitioner, hereby certify that on January 7, 2006, I caused to be served a true and correct copy of the foregoing documents entitled "PETITIONER'S DEFAULT JUDGMENT MOTION PURSUANT TO FED.R.CIV.P. RULE 55 AGAINST THE RESPONDENTS' FOR THEIR FAILURE TO RESPOND TO THIS COURT ON PETITIONER'S FED.R.CIV.P. RULE 60(b) MOTION RELIEF FROM JUDGMENT" and "PETITIONER'S MOTION FOR EVIDENTIARY HEARING PURSUANT FED.R.CIV.P. 78, 81(a)(2)" by depositing the same in the United States Mail, First-class, postage prepaid, to the person listed below as the following:

Office of the District Attorney
Paul R. Scholla, Esquire
Assistant District Attorney
County of Allegheny
303 Courthouse
Pittsburgh, PA. 15219-2489

 

_/s/ Curtis Brandon_
CURTIS BRANDON
Petitioner, pro se

11