IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CURTIS BRANDON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civil Action No. 00-1656 |
| | ) |
| PHILIP JOHNSON, Superintendent, | ) |
| SCI-Pittsburgh; MICHAEL FISHER, | ) |
| Attorney General of Pennsylvania[1], | ) |
| and STEPHEN A. ZAPPALA, JR., | ) |
| District Attorney of Allegheny | ) |
| County | ) |
| Respondents. | ) |

MEMORANDUM ORDER

Presently before the court is a motion pursuant to Fed. R. Civ. P. 60(b) (Document No. 59) filed by petitioner Curtis Brandon and the Commonwealth's response (Document No. 63).[2] Because petitioner's motion collaterally attacks his underlying state conviction, it must be treated as a habeas corpus petition pursuant to 28 U.S.C. §2254. Moreover, as petitioner previously

---

[1] Michael Fisher has been succeeded as Attorney General of Pennsylvania by Tom Corbett.

[2] Also pending are two miscellaneous motions filed by petitioner, a motion to grant the Rule 60(b) motion and to strike respondents' "late" response (Document No. 64) and a motion for default judgment (Document No. 65), both of which are predicated on petitioner's assertion that respondents failed to respond timely to his Rule 60(b) motion. These motions are without merit. The court ordered a response to be filed by December 2, 2005, and respondents in fact filed their response on that date. Moreover, the response includes a proof of service indicating that the response was served upon petitioner by first class mail on December 2, 2005.

AO 72A
(Rev.8/82)

filed a §2254 petition and has not received authorization from the United States Court of Appeals for the Third Circuit to file a second or successive application, petitioner's motion must be dismissed.

Petitioner currently is serving a life sentence at SCI-Graterford imposed following his conviction in state court of third-degree murder. On August 21, 2000, petitioner filed an application for a writ of habeas corpus pursuant to 28 U.S.C. §2254. On August 6, 2003, this court entered an order adopting the report and recommendation of Magistrate Judge Ila J. Sensenich and denying petitioner's habeas application. The Third Circuit Court of Appeals subsequently denied petitioner a certificate of appealability. On November 12, 2004, the United States Supreme Court denied petitioner's petition for a writ of certiorari.

On November 2, 2005, petitioner filed his pending motion pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, which permits relief from a judgment or order based on, *inter alia*, mistake; excusable neglect; newly discovered evidence; fraud; or other reasons justifying relief. In support of his motion, petitioner argues that his state court conviction is void in light of newly discovered evidence demonstrating that "fraud upon the State court was committed by the prosecutor."

Although petitioner labels his motion as one pursuant to Rule 60(b), it is clear from his motion and brief that he actually is collaterally attacking his state court conviction. Under these circumstances, petitioner's motion must be treated as a habeas

- 2 -

corpus petition pursuant to §2254. In <u>Pridgen v. Shannon</u>, 380 F.3d 721 (3d Cir. 2004), the Third Circuit addressed the issue of whether a Rule 60(b) motion can be considered by a district court following the dismissal of a federal habeas petition. After considering the positions taken on the issue by other circuits, the Third Circuit held that:

> "[I]n those instances in which the factual predicate of a petitioner's Rule 60(b) motion attacks the manner in which the earlier habeas judgment was procured and not the underlying conviction, the Rule 60(b) motion may be adjudicated on the merits. However, when the Rule 60(b) motion seeks to collaterally attack the petitioner's underlying conviction, the motion should be treated as a successive habeas petition."

380 F.3d at 727.

Here, petitioner argues that his underlying state conviction is void because of "newly discovered evidence" suggesting that the state prosecutor perpetrated fraud on the state court, arguments which clearly attack his underlying state court conviction. Conversely, there is nothing in petitioner's motion attacking the manner in which this court's prior order denying petitioner's habeas petition was procured. Accordingly, petitioner's Rule 60(b) motion must be treated as a successive habeas petition.

As such, petitioner's motion must be dismissed, as petitioner has not moved for a certificate of appealability from the Third Circuit which would permit this court to consider his successive application. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") amended §2254 to require that a second or

successive §2254 motion be certified as provided in 28 U.S.C. §2244. Specifically, §2244(b)(3)(A) provides:

> Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

By this provision, the AEDPA limits the authority of the district court to consider second or successive petitions without an order of the court of appeals. Thus, "[w]hen a second or successive habeas petition is erroneously filed in a district court without the permission of the court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. §1631." Robinson v. Johnson, 313 F.3d 128 (3d Cir. 2002).

In this case, petitioner has filed a second §2254 petition in this court without first seeking authorization from the court of appeals as required under §2244(b)(3)(A). "Th[e] statutory directive [set forth in §2244(b)(3)(A)] means that a district court, faced with an unapproved second or successive habeas petition, must either dismiss it or transfer it to the appropriate court of appeals.'" Robinson, 313 F.3d at 139-140 (quoting Pratt v. United States, 129 F.3d 54, 57 (1st Cir 1997)). Here, petitioner has not received permission from the court of appeals to file a second §2254 petition. Accordingly, this court has no jurisdiction over petitioner's §2254 motion and petitioner's motion will be dismissed.

- 4 -

AO 72A
(Rev.8/82)

An appropriate order will follow.

O R D E R

AND NOW, this 19th day of January, 2006, for the reasons set forth in the memorandum filed this day, IT IS ORDERED that petitioner's motion pursuant to Rule 60(b) (Document No. 59), which must be treated as a successive habeas motion pursuant to 28 U.S.C. §2254, be, and the same hereby is, **dismissed**; and,

IT FURTHER IS ORDERED that petitioner's motion to grant Rule 60(b) motion and to strike late response (Document No. 64) be, and the same hereby is, **denied**; and

IT FURTHER IS ORDERED that petitioner's motion for default judgment (Document No. 65) be, and the same hereby is, **denied**.

/s/ Gustave Diamond
Gustave Diamond
United States District Judge

cc: Curtis Brandon

    Stephen A. Zappala, Jr.
    Paul R. Scholle
    Office of the District Attorney
    401 Allegheny County Courthouse
    Pittsburgh, PA 15219