IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CURTIS BRANDON, <br>     Petitioner <br><br> v. <br><br> PHILIP JOHNSON, Superintendent, <br> SCI-Pittsburgh; MICHAEL FISHER, <br> Attorney General of Pennsylvania, <br> and STEPHEN A. ZAPPALA, JR., <br> District Attorney of Allegheny County <br>     Respondents' | CIVIL ACTION NO. 00-1656 <br><br> Judge Gustave Diamond/ <br> Magistrate Judge Sensenich <br><br> FILED <br> JAN 30 2006 <br> CLERK U.S. DISTRICT COURT <br> T. DIST. OF PENNSYLVA |

PETITIONER'S MOTION FOR RECONSIDERATION OF
PETITIONER'S FED.R.CIV.P. RULE 60(b)(1)(2)(3)(4) AND (6) MOTION

AND NOW, comes, CURTIS BRANDON, Petitioner, <u>pro se</u>, who files this Motion For Reconsideration of his Fed.R.Civ.P. Rule 60(b) Motion and, presents the facts in support thereto as the following:

A. PROCEDURAL HISTORY/FACTS

1. Petitioner filed a Fed.R.Civ.P. Rule 60(b) Motion dated <u>10/30/05</u>. ¶

2. This Court denied said motion dated <u>1/19/06</u> (which Petitioner received on <u>1/23/06</u>). ¶

I. BACKGROUND

1. Through an oversight this Court stated: "Conversely, there is nothing in petitioner's motion attacking the manner in which this Court's prior order denying petitioner's habeas petition was procured." <u>See</u> this Court's "<u>MEMORANDUM ORDER</u>" at "p. <u>3</u>," (1/19/06). ¶

I. DISCUSSION

2. In Petitioner's Fed.R.Civ.P. Rule 60(b) Motion Petitioner addressed the manner in which this Court's previous habeas judgment was procured in error, by reference to this Court's adoption of the Magistrate Judge's Report (Hereinafter referred to as "Mag. Report") where she stated: "For all of the above reasons, Petitioner has failed to show that he is entitled to federal habeas relief on this claim that the trial court's instruction regarding accomplice liability and conspiracy was improper. In addition, because the charge given was proper under Pennsylvania law, Petitioner's counsel was not

ineffective for failing to challenge the instruction on direct appeal. See Mag. Report at "p. 42," (4/15/2003). See (dkt. no. 59, in ¶¶## 1-2 at "p. 4; ¶¶## 1-9 at "pp. 5-8"). This fact constitutes that Petitioner's Fed.R.Civ.P. Rule 60(b) Motion is not a second or successive petition. These facts, discussed in more detail (infra.). ¶

### B. DEFICIENT PERFORMANCE

3. Whereas in this case there is an invalid Criminal Conspiracy To Homicide Complaint against Petitioner, the State trial court lacked personal jurisdiction (personam jurisdiction) and could not have instructed the jury on conspiracy to homicide nor accomplice liability. The requirement that a court have personal jurisdiction flows from the Due Process Clause of the Fourteenth Amendment of the federal Constitution. The personal jurisdiction requirement recognizes and protects an individual liberty interest. It represents a restriction on judicial power of a State court not to give a conspiracy/accomplice instructions charge to a jury not as a matter of sovereignty (when there is an invalid criminal conspiracy to homicide complaint), but as a matter of individual liberty. Thus, the test for personal jurisdiction requires that "the maintenance of the criminal charge . . . not offend 'traditional notions of fair play and substantial justice.'" Therefore, Petitioner's trial counsel should have objected to the Criminal Conspiracy To Homicide/Accomplice Liability jury instructions charges on Due Process grounds. ¶

### C. PREJUDICE

4. Petitioner clearly asserted trial counsel's ineffectiveness to challenge the State trial court's jury instructions charges on Criminal Conspiracy To Homicide and Accomplice Liability in light of our Third Circuit Court of Appeals decision in EVERETT V. BEARD, 290 F.3d 500 (3rd Cir. 2002), in his Fed.R.Civ.P. Rule 60(b) Motion. See (dkt. no. 59, ¶¶## 12-16 at "pp. 10-11"). The magistrate judge in Everett (as the Magistrate Judge in Petitioner's habeas proceedings) failed to review Everett's federal Due Process grounds claim regarding the erroneous accomplice jury instructions for

2

his ineffective assistance of counsel claim, id. at 507. The State courts did not address the merits of these claims. See Mag. Report at "p. 40," (4/15/03). Therefore, just as in Everett pre-AEDPA standards of review apply as the Everett court stated, id. at 508. Magistrate Judge Sensenich also overlooked Petitioner's trial counsel patently is required to know the state of the applicable law at the time of Petitioner's trial as in Everett, id. at 509, and his failure to voice any timely objections at trial and on direct appeal to the trial court's jury instructions charge on Criminal Conspiracy To Homicide and Accomplice Liability on Due Process grounds was prejudicial to Petitioner, as the Everett Court stated:

> "Counsel's status as a reasonably competent attorney is not strictly confined to the law as enunciated by the decisions of the jurisdiction's highest court. More is expected from a reasonably competent attorney, especially one in a major criminal case, than merely to parrot Supreme Court cases. A law student could do as much. Instead, a reasonably competent attorney will have reason to rely on authority, especially favorable authority, even if it had not yet been enunciated by the United States Supreme Court or the state's supreme court.
> Finally, a reasonably competent lawyer at the time of Everett's trial in 1980 should have noted the glaring lack of evidence that Everett had the requisite in intent to kill and should have objected to the charge as inconsistent with due process, as enunciated in Winship and Sandstrom. We thus agree with Everett that his trial counsel did not perform as effective counsel should have."

Id., 290 F.3d at 513.  ¶

5. Petitioner clearly asserted the prosecutor committed fraud upon the court by falsely alleging Petitioner caused the victim's head injuries. See (dkt. no. 59, at "pp. 12-16"). Magistrate Judge Sensenich mistakenly asserted that even if someone else with a gun was responsible for the infliction of Bailey's head injuries, Superior Court determined that the jury's verdict was supported under the accomplice liability theory. See Mag. Report at "p. 20," (4/15/2003). While the record shows Petitioner originally raised this claim as trial counsel's ineffectiveness for failure to cross-examine Vernon Eackles about alleged co-defendant pistol-whipping victim and failure to cross-examine

Dr. Jasnosz whether a gun could cause the three "Y-Shape lacerations" on Bailey's head (Mag. Report at "p. 20," (4/15/2003)), the record presented in Petitioner's Fed.R.Civ.P. Rule 60(b) Motion (dkt. no. 59) reveals the State prosecutor knew Petitioner did not cause Bailey's head injuries. See (dkt. no. 59, at "pp. 13-14"). Our United States Supreme Court in addressing a Fed.R.Civ.P. Rule 60(b) motion in GONZALEZ V. CROSBY, 125 S.Ct. 2641 (2005) stated: "A motion that seeks to add a new ground for relief, as in Harris, supra, will of course qualify.," id. at 2648. Therefore, this claim is not a second or successive petition by Petitioner's Fed.R.Civ.P. Rule 60(b) Motion and, can be reviewed by this Court. ¶

6. The provision of Rule 60(b) commonly known as the "saving clause" states: "This rule does not limit the power of a court to entertain an independent action or relieve a party from a judgment, order, or proceeding, or to grant relief to a defendant not actually personally notified as provided in Title 28, U.S.C., § 1655, or to set aside a judgment for fraud upon the court." See Fed.R.Civ.P. Rule 60(b). Pro se litigants' such as Petitioner are held to less stringent standards than formal pleadings drafted by lawyers and, this Court should review Petitioner's Fed.R.Civ.P. Rule 60(b) Motion (dkt. no. 59) with a more lenient eye in conjunction with this instant motion for reconsideration. See HAINES V. KERNER, 404 U.S. 519, 520-521 (1972); HUGHES V. ROWE, 449 U.S. 5 (1980). It seems only fair play that this Court will exercise its jurisdiction to review Petitioner's claim that the State's prosecutor committed fraud upon the court by falsely alleging Petitioner caused Bailey's head injuries. See (dkt. no. 59, at "pp. 12-18"). ¶

7. Although Petitioner never received Respondents' response, this Court stated Respondents' proof of service indicated their response was served upon Petitioner. See this Court's "MEMORANDUM ORDER" at "p. 1" at n. 2, (1/19/06). Since Petitioner has no knowledge of the Respondents' response, Petitioner hopes this Court will grant Petitioner's hereto attached motion for Production Of Documents pursuant to Fed.R.Civ.P. Rule 34 for this Court to provide Petitioner with a copy of the Respondents' response (dkt. no. 63), or in the

alternative this Court order Respondents' to provide Petitioner with Respondents' response (dkt. no. 63). If this Court does not grant this reconsideration motion by still considering Petitioner's Fed.R.Civ.P. Rule 60(b) Motion an second or successive petition needing authorization from the court of appeals to be heard in this Court, given the fact of Petitioner's indigent status, Petitioner respectfully request that this Court transfer it to the court of appeals pursuant to 28 U.S.C. § 1631 as this Court stated such an option is permitted in its "MEMORANDUM ORDER." See this Court's "MEMORANDUM ORDER" at "p. 4," (1/19/2006). ¶

## CONCLUSION

WHEREFORE, for the above-stated facts and reasons, Petitioner prays this Court will take jurisdiction to review and grant Petitioner's Fed.R.Civ.P. Rule 60(b) Motion pursuant this Court's inherent power or in the alternative have it transferred to the court of appeals.

Respectfully submitted,

By: _____
CURTIS BRANDON    DV-2954
Box 244
Graterford, PA. 19426-0244
Petitioner, pro se

Date: January 25, 2006