IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CURTIS BRANDON,  :  CIVIL ACTION NO. 00-1656
    Petitioner  :
  :
V.  :  Judge Gustave Diamond/
  :  Magistrate Judge Sensenich
PHILIP JOHNSON, Superintendent,  :
SCI-Pittsburgh; MICHAEL FISHER,  :
Attorney General of Pennsylvania,  :
and STEPHEN A. ZAPPALA, JR.,  :
District Attorney of Allegheny County  :
    Respondents'  :

PETITIONER'S SUPPLEMENTAL MOTION FOR RECONSIDERATION OF
HIS FED.R.CIV.P. RULE 60(b)(1)(2)(3)(4) AND (6) MOTION

AND NOW, comes, CURTIS BRANDON, Petitioner, pro se, who files this Supplemental Motion For Reconsideration Of His Fed.R.Civ.P. Rule 60(b) Motion, and presents the facts in support thereto as the following:

### A. PROCEDURAL HISTORY/FACTS

1. Petitioner filed a Fed.R.Civ.P. Rule 60(b) Motion dated 10/30/05. ¶

2. This Court denied said motion dated 1/19/06 (which Petitioner received on 1/23/06). ¶

3. Petitioner filed his original Motion For Reconsideration Of His Fed.R.Civ.P. Rule 60(b) Motion dated 1/25/06. ¶

### I. BACKGROUND

1. Petitioner consulted with an paralegal subsequent to filing his original Motion For Reconsideration Of His Fed.R.Civ.P. Rule 60(b) Motion, who advised Petitioner to file this instant supplemental motion for reconsideration because, Petitioner did not address the issues for what a Rule 60(b) was designed for by the drafters. Therefore, Petitioner respectfully ask this Court to be patient with him, as he addresses the two (2) issues within these three (3) pages. ¶

### I. DISCUSSION

2. There is an <u>invalid</u> Criminal Conspiracy To Homicide Complaint against Petitioner that the State prosecutor was aware of and, the prosecutor

committed fraud upon the court by charging Petitioner at trial with Criminal Conspiracy To Homicide and requesting the trial court to instruct the jury on Criminal Conspiracy To Homicide and Accomplice Liability as a lesser-included offense charge to Conspiracy To Homicide. Also, the prosecutor committed fraud upon the court by falsely alleging Petitioner caused the victim's head injuries. ¶

I. FRAUD UPON THE COURT BY STATE PROSECUTOR

3. The State trial court did <u>not</u> have personal jurisdiction (personam jurisdiction) nor subject matter jurisdiction because, the Commonwealth's Criminal Conspiracy To Homicide Complaint against Petitioner does <u>not</u> state the docket numbers of the Criminal Complaint issued for the other alleged participants' as required by 42 Pa.R.Crim.P. Rule 131(a) (currently renumbered as 42 Pa.R.Crim.P. 505(a)) (regarding alleged co-defendants' arrested prior to Petitioner), does <u>not</u> state Petitioner's address, date offense allegedly was committed, <u>no</u> place where it was allegedly committed, <u>no</u> time and date nor victim's name and is <u>not</u> signed by any Commonwealth district attorney; all in violation of 42 Pa.R.Crim.P. Rule 132 (2)(3)(4) and (5) at the time of Petitioner's arrest dated <u>September 2, 1988</u>. <u>See</u> Pa.R.Crim.P. Rule 132 (2)(3)(4) and (5) (currently renumbered as 42 Pa.R.Crim.P. Rule 504). <u>See</u> (dkt. no. 59, Ex. "<u>A</u>" at "p. <u>2</u>"). ¶

4. The requirement that a court have personal jurisdiction flows from the Due Process Clause of the Fourteenth Amendment of the Federal Constitution. The personal jurisdiction requirement recognizes and protects Petitioner's liberty interest. It represents a restriction on judicial power of a State court <u>not</u> to give an conspiracy/accomplice instructions charge to an jury not as a matter of sovereignty (by the <u>invalid</u> criminal conspiracy to homicide complaint), but as a matter of individual liberty. Thus, the test for personal jurisdiction requires that "the maintenance of the criminal charge . . . not offend 'traditional notions of fair play and substantial justice.'" ¶

5. Therefore, the manner in which this Court previous habeas judgment was procured was in error by this Court's adoption of the Magistrate Judge's

2

Report (Hereinafter referred to as "Mag. Report"). Because in essence the Magistrate Judge stated the trial court gave the statutory language for accomplice liability found appropriate in COMMONWEALTH V. GIBSON, 688 A.2d 1152, 1167-68 (Pa. 1997) and, Petitioner failed to show he was entitled to habeas relief on his claim that the trial court's instruction regarding accomplice liability and conspiracy was improper and therefore counsel was not ineffective for failure to challenge the instructions on direct appeal. See Mag. Report at "pp. 41-42," (4/15/2003). What the Magistrate Judge was not made aware of at that time was, there is an invalid Criminal Conspiracy To Homicide Complaint against Petitioner; if she would have known this fact, she would have known the State trial court could not have instructed the jury on Criminal Conspiracy To Homicide nor Accomplice Liability on Due Process grounds — since the prosecutor convinced the trial court to instruct the jury on accomplice liability as an lesser-included offense charge to conspiracy to homicide. ¶

6. At the close of the alleged co-defendants' trial after all the testimony was entered in their trial, the prosecutor stated as an officer of the court that he could not say nor prove Petitioner caused the victim's head injuries; he knew which alleged co-defendant pistol-whipped the victim in his head with his gun. See (dkt. no. 59, ¶¶## 17-23 at "pp. 12-16"). Where the Magistrate Judge erred at is, where she stated even if someone else with a gun was responsible for the infliction of the victim's head injuries, Superior Court determined that the jury's verdict was supported under the accomplice liability theory. See Mag. Report at "p. 20," (4/15/2003). That is an error as previously discussed above on Due Process grounds of the Fourteenth Amendment of the Federal Constitution. ¶

7. The provision of Rule 60(b) commonly known as the "saving clause" states: "This rule does not limit the power of a court to entertain an independent action or relieve a party from a judgment, order, or proceeding, or to grant relief to a defendant not actually personally notified as provided in Title 28, U.S.C., § 1655, or to set aside a judgment for fraud upon the

court." See Fed.R.Civ.P. Rule 60(b). Our United States Supreme Court in addressing Fed.R.Civ.P. Rule 60(b) motions in GONZALEZ V. CROSBY, 125 S.Ct. 2641 (2005), stated a petitioner can add a new ground for relief, where the Gonzalez's Court stated: "A motion that seeks to add a new ground for relief, as in Harris, supra, will of course qualify." Id. at 2648. Therefore, it seems only fair play that this Court will exercise its jurisdiction to review Petitioner's claims that the State's prosecutor committed fraud upon the court and the court did not have personal jurisdiction nor subject matter jurisdiction. ¶

## CONCLUSION

WHEREFORE, for the above-stated facts and reasons, Petitioner prays this Court will take jurisdiction to review and grant Petitioner's Fed.R.Civ.P. Rule 60(b) Motion pursuant this Court's inherent power or in the interest of justice have it transferred to the court of appeals in light of Petitioner's indigent status pursuant to 28 U.S.C. § 1631.

Respectfully submitted,

By: _Curtis Brandon_
CURTIS BRANDON    DV-2954
Box 244
Graterford, PA. 19426-0244
Petitioner, pro se

Date: February 1, 2006

4

## CERTIFICATION OF SERVICE

I, CURTIS BRANDON, Petitioner, hereby certify that on February 1, 2006, I caused to be served a true and correct copy of the foregoing document entitled "PETITIONER'S SUPPLEMENTAL MOTION FOR RECONSIDERATION OF HIS FED.R.CIV.P. RULE 60(b)(1)(2)(3)(4) AND (6) MOTION" by depositing the same in the United Stats Mail, First-class, postage prepaid, to the person listed below as the following:

Office of the District Attorney
Paul R. Scholla, Esquire
County of Allegheny
303 Courthouse
Pittsburgh, PA. 15219-2489

_____
CURTIS  BRANDON
Petitioner, pro se

5