IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CURTIS BRANDON, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>PHILIP JOHNSON, Superintendent, )<br>SCI-Pittsburgh; MICHAEL FISHER, )<br>Attorney General of Pennsylvania,[1] )<br>and STEPHEN A. ZAPPALA, JR., )<br>District Attorney of Allegheny )<br>County )<br>Respondents. ) | Civil Action No. 00-1656 |

## MEMORANDUM OPINION

DIAMOND, D.J.

Presently before the court is a second motion for relief from judgment or order pursuant to Fed. R. Civ. P. 60(b) filed *pro se* by Curtis Brandon ("petitioner"). Because petitioner's motion collaterally attacks his underlying state conviction, it must be treated as a habeas corpus petition pursuant to 28 U.S.C. §2254. Moreover, as petitioner previously filed a §2254 petition and has not received authorization from the United States Court of Appeals for the Third Circuit to file a second or successive application, his pending motion must be dismissed.

Petitioner currently is serving a life sentence at SCI-Graterford imposed following his 1989 conviction in state court of third-degree murder. On August 21, 2000, petitioner filed an application for a writ of habeas corpus pursuant to 28 U.S.C. §2254. On August 6, 2003, this court entered an order adopting the report and recommendation of Magistrate Judge Ila J. Sensenich and

---

[1] Michael Fisher was Attorney General of Pennsylvania at the time Petitioner filed his original motion under 28 U.S.C. §2254 in 2000. Kathleen Kane now serves in that position.

denying petitioner's habeas application. The Third Circuit Court of Appeals subsequently denied petitioner a certificate of appealability. On November 12, 2004, the United States Supreme Court denied petitioner's petition for a writ of certiorari.

On November 2, 2005, petitioner filed his first motion pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, alleging that his state court conviction is void in light of newly discovered evidence demonstrating that "fraud upon the State court was committed by the prosecutor." On January 19, 2006, this court, construing petitioner's Rule 60(b) motion as a second §2254 motion because it clearly attacked his state court conviction, entered an order dismissing petitioner's Rule 60(b) motion because petitioner had not obtained certification from the Third Circuit Court of Appeals to file a second or successive §2254 motion. On July 24, 2006, petitioner's request for a certificate of appealability from this court's January 19, 2006, order was denied by the Court of Appeals for the Third Circuit.

On December 11, 2014, more than *ten years* after his petition for a writ of certiorari from the order denying his §2254 motion was denied by the United States Supreme Court, and over *eight years* after his previous Rule 60(b) motion was dismissed,[2] defendant filed the pending motion for relief from judgment under Fed. R. Civ. P. 60(b)(6)[3] alleging ineffective assistance of trial counsel, an error relating to a jury instruction, that his life sentence violates the Pennsylvania state constitution and that the trial court lacked personal and subject matter jurisdiction over him.

---

[2] Pursuant to F.R.C.P. 60(c)(1), motions seeking relief under Rule 60(b)(6) "must be made within a reasonable time." A period of over 10 years from the entry of the order from which petitioner purportedly seeks relief cannot be deemed reasonable, which would serve as an independent and additional basis to deny petitioner's motion in this case. *See* Burgos v. Superior Court of Pennsylvania, 355 Fed. Appx. 585, 587 (3d Cir. 2009)(attempt to challenge ruling in prior habeas corpus proceeding on procedural grounds was grossly untimely where Rule 60(b) motion was filed approximately seven years later).

[3] F.R.C.P. 60(b)(6) provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for ... any other reason that justifies relief."

Because it is clear from petitioner's motion and brief that he again is challenging his state court conviction, and not the procedure by which this court denied his previous §2254 motion, his pending Rule 60(b) motion must be treated as another successive habeas petition.

In Gonzalez v. Crosby, 545 U.S. 524 (2005), the United States Supreme Court recognized that a motion for relief from judgment which challenged *only* a court's prior ruling that a habeas petition was time-barred, and did not seek to raise any substantive claims, could be considered under Rule 60(b). The Third Circuit Court of Appeals likewise has recognized Rule 60(b) as a vehicle by which a defendant may challenge *on procedural grounds* the dismissal of a prior habeas petition and, if successful, have that petition reopened to be considered on the merits. *See, e.g.*, Turner v. Dragovich, 163 Fed. Appx. 97, 99-100 (3d Cir. 2006)(Rule 60(b) motion which only challenged ruling that a habeas petition was time barred could be considered); Pridgen v. Shannon, 380 F.3d 721 (3d Cir. 2004)(where factual predicate of Rule 60(b) motion attacks the manner in which an earlier habeas judgment was procured and not the underlying conviction, the motion may be adjudicated on the merits). However, that vehicle clearly is unavailable to defendant in this case.

Here, defendant's pending motion clearly does not attack the *procedure* by which this court's judgment dismissing his prior §2254 petition was procured.[4] Instead, defendant's motion clearly attempts to raise additional substantive challenges to his state court conviction. Significantly, defendant's requested relief is *not* the re-opening of his prior §2254 motion, the judgment he purportedly wants to have reconsidered, but instead appears to be a request for a new trial, or, at the least, the vacating of his life sentence.

---

[4] The court notes that the Third Circuit Court of Appeals determined that petitioner's §2254 motion failed to make a substantial showing of the denial of a constitutional right and denied defendant's request for a certificate of appealability, and that the United States Supreme Court denied petitioner's petition for a writ of certiorari.

Because defendant's asserted claims are substantive attacks on his state court conviction, his pending Rule 60(b) motion, just as his previous one, must be construed as a successive habeas petition under §2254. Pridgen, 380 F.3d at 727 (when Rule 60(b) motion is direct attack on state court conviction "it constitutes the equivalent of a successive habeas corpus petition"); *see also* United States v. Bush, 457 Fed. Appx. 94, 96 (3d Cir. 2012)(construing Rule 60(b) motion attacking original federal conviction as a §2255 petition). However, because defendant already has sought relief under §2254, before he may file a second or successive petition he must have it certified by a panel of the appropriate court of appeals pursuant to 28 U.S.C. §2244.[5]

"When a second or successive habeas petition is erroneously filed in a district court without the permission of the court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. §1631." Robinson v. Johnson, 313 F.3d 128 (3d Cir. 2002). Here, petitioner has not received certification from the United States Court of Appeals for the Third Circuit to file a second §2254 petition, and this court therefore has no jurisdiction to consider petitioner's pending motion under §2254. Accordingly, defendant's motion for relief from judgment under Rule 60(b) will be dismissed.

Finally, to the extent it may be necessary, the court finds that a certificate of appealability should not issue in this case, as the court believes that no reasonable jurist could construe defendant's pending motion as a mere procedural challenge to the prior dismissal of his §2254 motion, nor is it reasonably debatable that petitioner has failed to make a substantial showing of the denial of a constitutional right. *See* Bush, 457 Fed. Appx. at 96 (to the extent it would be

---

[5] Pursuant to §2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." See also, Rule 9 of the Rules Governing §2254 Proceedings ("[b]efore presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition").

needed, motion for certificate of appealability was denied because court's ruling that petitioner's Rule 60(b) motion was clear attack on original conviction was not "debatable amongst jurists of reason"); Turner, 163 Fed. Appx. at 100 n. 4 (the Supreme Court in Gonzalez, "while leaving the issue open, did not disapprove of the practice of requiring a certificate of appealability as a prerequisite to appealing the denial of a Rule 60(b) motion, calling it a 'plausible and effective screening requirement.'")

An appropriate order follows.

Dated: August 24, 2015

Gustave Diamond
United States District Judge

cc: Keaton Carr
Office of the District Attorney of Allegheny County
436 Grant Street
401 Courthouse
Pittsburgh, PA 15219

Curtis Brandon